Pepsi Cola Metro Bottling Co. and Home Indemnity Co., Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Daniel Carlow, Respondents.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Eric L. Lilian,* for respondent, Daniel Carlow.

Opinion by President Judge Crumlish, November 25, 1980:

Pepsi Cola Metro Bottling Co. and its insurer appeal a Workmen's Compensation Appeal Board order affirming a referee's decision in favor of Daniel M. Carlow following a hearing on remand. We affirm.

By order dated June 22, 1978, the Board vacated a referee's decision denying Carlow's claim petition and remanded "to give claimant's physician the opportunity to testify and to make a disposition with findings of fact which are supported by evidence and also to make findings considering notice." Following a hearing on remand, the referee entered an award in favor of Carlow. The Board affirmed and Pepsi Cola brought the instant appeal.[1]

Pepsi Cola, at the remand hearing, objected to the additional proceedings, arguing that the Board's remand order was erroneous because the referee's original record contained substantial credible evidence. We disagree.

In *Commercial Laundry, Inc. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 297, 331 A.2d 231 (1975), this Court held that, where findings of fact of a referee in a workmen's compensation case are so inadequate that proper review of the decision is impossible, the Board is warranted in remanding the case to take additional evidence so that proper findings can be made. This Court also has said that remand is proper in instances wherein there has been no finding on a crucial issue. *See Forbes Pavilion Nursing Home, Inc. v. Workmen's Compen-*

---

[1] Pepsi Cola also argued that the rate of compensation awarded was improperly calculated. However, the Board correctly ruled that the rate of compensation was in accordance with the statutory authorized rate at the time of the accident.

*sation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

In carefully reviewing the record as it existed at the time the referee made his initial decision denying the claim petition, we must agree with the Board's decision to remand.

The crucial fact finding on the causal connection between Carlow's work activity and the injury he allegedly sustained reads as follows:

> 2. On March 30, 1977, Claimant was unloading containers of Pepsi Cola from his truck at Archbishop Ryan High School, and after awhile [sic], his back began to hurt.

However, the testimony reveals that Carlow said he "had to take them [soda tanks] off the truck and lift them on a platform, and I hurt my back." When reading the testimony and the referee's findings of fact together, we are faced with the same inadequacy of fact finding as seen in *Commercial Laundry, Inc., supra.*[2] Moreover, the referee made no finding as to whether Carlow gave his employer sufficient notice of his injury. This issue was crucial, was contested, and hence required a specific finding of fact.

At Carlow's second hearing, medical testimony established that offloading the soda tanks was the specific traumatic episode which caused his injury. The referee further concluded that notice was given to Pepsi Cola when Carlow reported the injury to his supervisor at the end of his shift and then sought medical treatment at a company designated facility the next day.[3] On appeal, the Board accepted these

---

[2] We draw a distinction between inconsistent and inadequate fact finding. Findings of fact which are inconsistent warrant reversal whereas inadequacy requires a remand.

[3] Carlow's action in this regard has been held to satisfy the legal requirements as to notice of accident. *See Barbaryka v. Henderson Coal Co.*, 154 Pa. Superior Ct. 402, 36 A.2d 341 (1944).

facts as conclusive and affirmed the referee's second decision.

In reviewing both proceedings before the referee, we can appreciate the Board's request for a more specific fact finding analysis. The referee's second findings were more narrowly drawn which enabled proper review of the decision. Under the circumstances, the Board committed no error in ordering the remand.

Affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, dated December 13, 1979, is hereby affirmed, and it is directed that judgment be entered in favor of Daniel Carlow, and against Pepsi Cola Metro Bottling Co., all payments to be made in accordance with the order of the Workmen's Compensation Referee, dated February 3, 1979.