Vincent L. Killian, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Heintz Division, Kelsey Hayes Company, Respondents.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas F. McDevitt,* for petitioner.

*Richard D. Harburg, Swartz, Campbell & Det-weiler,* for respondents.

OPINION BY JUDGE MACPHAIL, September 22, 1981:

This is an appeal by Vincent L. Killian (Claimant) from an order of the Workmen's Compensation Appeal Board (Board), dated September 4, 1980, which affirmed the referee's order and decision of January 31, 1980, dismissing Claimant's claim petition.

## I. History of the Proceedings

### A. Initial Proceedings

It is undisputed that while working for the Heintz Division of the Kelsey Hayes Company (Employer), Claimant suffered an injury to his left hand, when the hand was caught accidentally in a press causing the amputation of four fingers. As an ultimate result of that accident which occurred on September 25, 1963, Claimant was awarded compensation for loss of use of his left hand, under the specific loss provisions of The Pennsylvania Workmen's Compensation Act (Act).[1]

Several months following the accident, Claimant returned to his former job with Employer at the same

---

[1] Section 306(c) of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

machine. On April 28, 1968, Claimant again sustained injuries to his left hand due to a similar malfunction of the press. This second accident caused the amputation of the remaining stumps of Claimant's previously amputated fingers.

Claimant filed a new claim petition for the second accident and the referee awarded him compensation for temporary total disability (for the months of healing following the accident) and thereafter for permanent partial disability. The Board affirmed the referee's award, but was reversed upon Employer's appeal to this Court.

In that prior decision, *Heintz Division Kelsey Hayes Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 391, 326 A.2d 649 (1974), we held that Claimant was not entitled to compensation for an injury to a "member that judicially does not exist." Because Claimant had already been fully compensated for the loss of his left hand, the Court held that he could not be awarded benefits for a second loss of that same hand under the Act. The Court did hold, however, that Claimant was entitled to reasonable medical expenses since a second "accident" had occurred.

Claimant appealed from our decision and order and the Pennsylvania Supreme Court granted allocatur. The Supreme Court felt that this Court had taken an unnecessarily restrictive view of the matter. The Supreme Court[2] agreed with this Court that generally Section 306(c)(1) of the Act, 77 P.S. §513(1), provides the exclusive source of compensation for all disability for loss of a hand. However, the Supreme Court reaffirmed the general rule's sole exception, which was first enunciated by the Supreme Court in

---

[2] *Killian v. Heintz Division Kelsey Hayes Co.*, 468 Pa. 200, 360 A.2d 620 (1976).

*Lente v. Luci,* 275 Pa. 217, 119 A. 132 (1922), and later was affirmed by the Commonwealth Court in *Carnovale v. Supreme Clothes, Inc.,* 7 Pa. Commonwealth Ct. 253, 298 A.2d 640 (1973).

In *Lente v. Luci,* the Supreme Court recognized that there may be occasions where other parts of the body have been injured or destroyed as a result of the permanent injury. Under certain circumstances, a claimant should receive in addition to the Section 306(c) specific loss benefits, compensation for total disability under Section 306(a) of the Act, 77 P.S. §511, or compensation for partial disability under Section 306(b) of the Act, 77 P.S. §512.

The Supreme Court in *Killian* quoted the language of the test qualifying one for additional compensation under Section 306(a) of the Act as set forth in *Lente v. Luci:*

> *But, in these cases, where it is claimed that some other part of the body is affected, it must definitely and positively appear that it is so affected, as a direct result of the permanent injury; the causal connection must be complete, and, further, the disability must be separate and distinct from that which normally follows an injury under paragraph (c), and must endure beyond the time therein mentioned. There must be a destruction, derangement or deficiency in the organs of the other parts of the body.* It does not include pain, annoyance, inconveniences, disability to work or anything that may come under the term 'all disability,' or normally resulting from the permanent injury.

Lente v. Luci, 275 Pa. at 221-22, 119 A.2d at 133. *Killian,* 468 Pa. at 207, 360 A.2d at 624. (Emphasis added.)

The Supreme Court believed that the referee or the Board should have applied the *Lente* test to the case

at hand and made the necessary findings because, as the Court noted, the record contained some testimony which indicated that Claimant may have sustained a separate and distinct injury to his arm as a result of the April 28, 1968 accident.

In light of the hints of a separate and distinct injury in the record below, the Supreme Court remanded to the Board and ultimately a referee for application of the *Lente* test, *i.e.*, "whether the 1968 injury solely affected Killian's left hand or did that second injury also affect a separate and distinct part of his body." *Killian,* 468 Pa. at 209, 360 A.2d at 625.

## B.   Remand Proceedings

Upon remand, a referee heard additional testimony presented by both parties on the crucial issue and, after consideration of the new testimony and the evidence presented at the hearings in 1968, resolved the factual issue in Employer's favor.  The referee made the following pertinent findings of fact:

4.   The incident of April 23, 1968 did not cause a 'separate and distinct' disability beyond the further amputation of the stumps of Claimant's four left fingers.  The other consequences of the injury of April 23, 1968 were normal results of such an injury and did not cause Claimant a disability 'separate and distinct' from his previously injured left hand.

5.   Claimant's injury of April 23, 1968 was confined solely to the left hand, and there was no injury or disability to any other part of Claimant's body that is 'separate and distinct' from that which would normally follow from loss use of the left hand.

6.   The injury of April 23, 1968 has not resulted in any destruction, derangement or deficiency in the organs of other parts of Claim-

ant's body aside from his left hand, and Claimant's disability and any loss of earning power result solely from his inability to use his left hand.

Based on these findings, the referee concluded that Claimant was not entitled to any additional compensation beyond the compensation already paid him for loss of use of his left hand under Section 306(c) of the Act. On January 31, 1980, the referee ordered that the claim petition be dismissed.

Without receiving additional testimony, the Board issued an opinion affirming the referee's findings of fact, conclusions of law and dismissal order. That opinion and order of the Board forms the subject of the appeal before us now.

## II. Present Issues

On appeal, Claimant presents two issues for our consideration:

1) Whether or not the referee's findings of fact were vague, non-specific and indefinite and not supported by substantial, credible evidence, so as to render the Board's affirmance of the referee's decision in error.

2) Whether or not the Board erred in affirming the referee's decision that Claimant's disability was confined to his hand, 'when the Commonwealth Court previously held claimant had also sustained injuries to his arm.'

## III. Discussion

The Claimant had the burden of proving before the referee that he met the *Lente* test, specifically that he suffered a separate and distinct disability as a result of the 1968 accident, a disability not normally resulting from specific loss of a hand. Since the referee found and the Board affirmed that Claimant failed to

sustain his burden, our review of the Board's decision is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Harrigan v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 390, 397 A.2d 490 (1979).

Claimant does not allege error of law (in this instance, misapplication of the law as set forth by the Supreme Court), but attacks the referee's findings regarding the factual inquiry he made as directed by the Supreme Court. In our examination of the referee's findings, we must decide whether the findings exhibit a capricious disregard of competent evidence by the referee. "Capricious disregard" has been defined as a "willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth." *Gateway Coal Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 608, 613-14, 388 A.2d 1122, 1125 (1978).

The competent medical evidence of record relating to the extent and nature of Claimant's injuries and disability is conflicting. At the remand hearing, Claimant presented the testimony of Dr. Jacob Krause, an orthopedic surgeon, who had examined Claimant on June 1, 1977. In Dr. Krause's opinion, Claimant suffered a 25% permanent disability as a result of the 1968 (second) injury. Dr. Krause expressed his belief that the 1968 accident caused atony and atrophy of the Claimant's upper left arm, tenderness to pressure over Claimant's medial and lateral humeral epicondyle, and a chronic sprain situation of Claimant's left shoulder rotator cuff mechanism. In Dr. Krause's opinion all of these problems were the result of Claimant's inability to use his left hand and/

or the abnormal manner in which he had to use his left hand and arm after the 1968 accident. Dr. Krause admitted, however, that atrophy and atony are natural concomitants of the inability to use or lack of use of a member, and that the pain and other abnormalities in the Claimant's left arm flowed as well from Claimant's inability to use the extremity.

Employer on the other hand presented the testimony of Dr. Martin Beller, an orthopedic surgeon, who had examined Claimant on February 21, 1978. Dr. Beller testified that in his opinion Claimant did not sustain a separate and distinct injury to any part of the body other than his left hand and particularly did not suffer from any functional impairment of the left upper extremity.

At the initial hearing on the 1968 accident claim petition, Claimant had presented the testimony of Dr. William A. Tomasco, a general surgeon, who opined that Claimant suffered a 25% permanent disability, which was a disability apart from the loss of the use of the hand for which he was previously compensated. Dr. Tomasco did concede, however, that there would have been some degree of atrophy in the forearm and tendons even without the second accident.

In the introduction to his decision on remand, the referee stated that he had considered the competent testimony of Doctors Tomasco, Beller and Krause. It is clear from the findings of fact that the referee chose to accept the Employer's evidence as more credible, and thus found simply that Claimant had failed to sustain his burden of proving a separate and distinct injury under the *Lente* requirements.[3] The referee's

---

[3] *See Rowan v. Workmen's Compensation Appeal Board*,      Pa. Commonwealth Ct.      , 426 A.2d 1304 (1981), and *Truck Lubricating and Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 495, 421 A.2d 1251 (1980), for decisions of this

38

reliance on Employer's evidence does not constitute a capricious disregard of Claimant's competent evidence, because it is obvious that the referee considered all evidence presented. In a workmen's compensation case, the weighing of the testimony is solely within the province of the referee and his decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal. *Modern Transfer v. Workmen's Compensation Appeal Board*, 47 Pa. Commonwealth Ct. 592, 408 A.2d 900 (1979). A referee may accept or reject the testimony of any witness in whole or in part. *Bell v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 156, 417 A.2d 273 (1980). This Court is bound by findings of fact such as these which are clearly the result of resolutions of conflicts in the testimony rather than a capricious disregard of competent evidence. *Yellow Cab Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978).

Furthermore, the referee's findings are sufficiently clear, specific and definite. Findings of fact in a workmen's compensation case need not be so specific as to provide a thorough explanation of the thought processes of the fact-finder, but they must be sufficient to demonstrate that the fact-finding function was performed. *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978). It is readily apparent from the referee's findings and discussion, together with the record, that the referee performed

Court since *Killian* wherein the referee's decisions finding separate and distinct disabilities were upheld and the claimants granted Section 306(a) compensation.

See *Warren Car Co. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 141, 398 A.2d 753 (1979), for a recent decision holding that the claimant's injuries were restricted to the Section 306(c) specific loss benefits.

his function.  Moreover, the findings are adequate to enable us on review to determine that the referee did not capriciously disregard competent evidence.

We turn to Claimant's second argument regarding the intial decision of this Court.  Claimant argues that the referee has ignored our first opinion, *Heintz Division Kelsey Hayes Co.*, in which we found that there was ample competent evidence to support a finding that Claimant suffered disability as a result of the 1968 accident.  Although this Court did sustain the original referee's findings that Claimant suffered atrophy of the wrist and forearm and a 25% permanent disability, the referee did not hold (and thus we could not affirm) that the disability was separate and distinct from that involved in the loss of the hand.  The lack of and necessity for such a factual finding in the referee's decision was recognized by the Supreme Court and was the sole reason for remand.  To say that the referee ignored this Court's statements as to Claimant's disability is to say the Supreme Court ignored our statements, which the Supreme Court obviously did not do.  Thus, we find no fault with the referee's and Board's decisions.

There being no capricious disregard of competent evidence, we affirm the Board's order dismissing the instant claim petition.

### ORDER

AND Now, this 22nd day of September, 1981, the order of the Workmen's Compensation Appeal Board, dated September 4, 1980, dismissing the claim petition of Vincent L. Killian, is hereby affirmed, and the Heintz Division, Kelsey Hayes Company, through its insurance carrier, is again directed to pay all necessary and reasonable medical expenses of Vincent L. Killian resulting from the accident of April 28, 1968.

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent from the determination here, that the employer and insurer are free from responsibility for disability compensation, as a result of the tragic circumstance that the employer's production machine has amputated the remainder of the same hand which it mangled before.

Even if one accepts the view that, in the logic of the courtroom, the claimant's left hand was one which "judicially does not exist," we must acknowledge that the claimant's left hand existed physically before the second accident.

The referee's Finding No. 4 specifically states that there were "other consequences" of the second accident beyond the further amputation of the *hand*. The finding therefore has accepted the claimant's expert medical testimony concerning the atrophy of the *arm*, and it thus has expressly rejected the idea of Dr. Beller, for the employer, that there were no other consequences.

But the referee believing that he was required to consider the hand as if it were non-existent in every respect, has erred as a matter of law in disregarding the fact that the second injury to the real physical hand caused "some other part of the body" to be "affected . . . as a direct result . . . ," as the Supreme Court specified in *Lente v. Luci,* 275 Pa. 217, 221-22, 119 A. 132, 133 (1922). The resulting disability was "separate and distinct from that which normally followed an injury under paragraph (c) [§306(c)(1)]" because it came from the reality of the *second* amputation and not from the *first* one, *which was the one compensated "under paragraph (c)"*; that is, the arm atrophy resulted from the mangling of the real partial hand, not from the injury to the formerly whole hand which was judicially "non-existent" because its loss had been previously compensated.

The arm deficiency from the second accident, in short, is a "deficiency to a separate and distinct part of his body as a result of that second injury," just as *Killian v. Heintz Division Kelsey Hayes Co.*, 468 Pa. 200, 208, 360 A.2d 620, 625 (1976) requires with respect to this case.

There is a *new* disability from the second accident. Why should it not be compensated?

This decision, which has confused what is judicially non-existent with what is actual and real, should be reversed for error of law.