Randy B. Elliot, Petitioner *v.* Workmen's Compensation Appeal Board (C. S. Engineers, Inc.), Respondents.

Submitted on briefs November 18, 1982, to Judge BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*H. Robert Mattis, Jr.,* for petitioner.

*James E. Pocius, Lenahan & Dempsey,* for intervening party, C. S. Engineers, Inc.

OPINION BY JUDGE BLATT, February 18, 1983:

Randy B. Elliot (claimant) appeals a decision of the Workmen's Compensation Appeal Board which reversed a referee's award of benefits.

On or about September 5, 1978, the claimant was working from a ladder which tipped over and caused him to fall approximately 15 to 20 feet to a concrete surface. He continued to report to work but was able to only perform light tasks. The referee determined that the claimant had sustained injuries to his right shoulder, hip, back and rib cage as a result of the September 5, 1978 incident, and that he was unable to work after September 19, 1978 up until May 9, 1979 at which time he secured work with another employer. Benefits were awarded for the period noted, but the Board reversed and the instant appeal followed.

Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is

whether or not an error of law was committed or any necessary finding of fact was unsupported by substantial evidence in the record, leaving questions of evidentiary weight and credibility to the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). We have also recognized that where the causal connection between a claimant's disability and his employment is not obvious,[1] he must prove such causal relationship by unequivocal medical evidence. *Id.* It is well-settled, therefore, that the Board may disregard findings of fact made by a referee if there is no competent medical evidence, when required, sufficient to establish a causal connection. *Heffer v. GAF Corp.,* 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977).

The claimant argues that sufficient medical evidence was presented to the referee. This evidence presented by the claimant consisted of reports by a chiropractor, Dr. Robert G. Coutts,[2] and by Dr. Joseph R. Sgarlat, a Board-certified orthopedic surgeon. Dr. Coutts' report, which was dated November 14, 1978, does not state *his opinion* — either way — as to the causal relationship between the injury described in the report and the incident on or about September 5, 1978. More importantly, this report does not give an opinion as to whether or not the claimant's symptoms are disabling. Nor will the report of Dr. Sgarlat support the referee's finding of a work-related disability because it concludes that there was nothing wrong with the

---

[1] We agree with the employer that there was no obvious symptomology at the time of or immediately after the September 5, 1978 incident, and with the Board's requiring unequivocal medical evidence from the claimant.

[2] The petitioner in his brief stated that Dr. Coutts "flatly refused, however, to either testify personally at the hearing before the Referee or be deposed."

claimant when he was examined on February 9, 1979, and gives no opinion concerning his condition during the period for which the referee awarded the claimant benefits. We agree, therefore, with the Board's conclusion that the claimant failed to establish by medical evidence[3] in the record a work-related disability. *American Refrigerator.*

The claimant also argues that the Board, upon reversing the referee's award, should have remanded this matter for the taking of further evidence. While a remand is warranted when the referee's findings are so inadequate that review is impossible, *see Pepsi Cola Metro Bottling Co. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 634, 422 A.2d 909 (1980), such is not the situation here. Instead, the referee's findings have clearly permitted for appellate review and the sole basis for the claimant's remand[4] request is his failure to sustain his burden of proving his eligibility for benefits. Neither we, nor the Board, may grant a remand under such circumstances. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980).

We will therefore affirm the order of the Board.

---

[3] The record contains a bill from Dr. W. H. Kurilla, a chiropractor, dated November 7, 1978 which states "[t]his is to certify that I have treated Randy Elliot, 1345 West Nelson Street, Shamokin, Pa. at my office. Dates treated on September 6th and 9th, two treatments, $6.00 and $6.00." This, we believe, falls short of establishing a *work-related* disability.

[4] We have recognized that in a workmen's compensation case where the record is complete as presented, where abundant opportunity was afforded the claimant to introduce whatever evidence he felt would be helpful, and where there is no indication that any evidence now available could not, with due diligence, have been presented to the referee, no remand will be ordered. *Kistler v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980).

## ORDER

AND Now, this 18th day of February, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge WILLIAMS, JR. dissents.

