John R. Miller, Petitioner *v.* Workmen's Compensation Appeal Board (Burnham Corporation), Respondents.

Submitted on briefs November 18, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Daniel H. Shertzer*, for petitioner.

*John Paul Kershner*, with him *William J. Cassidy, Jr., Appel, Herr & Appel*, for respondent, Burnham Corporation.

OPINION BY JUDGE BLATT, February 22, 1983:

John R. Miller (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision setting aside final receipt but suspending his benefits because his partial residual disability had not resulted in a loss of his earnings. Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1]

The claimant was employed by the Burnham Corporation (Burnham) as a mechanic when he injured his left shoulder on March 14, 1975. He subsequently received benefits, returned to work on April 5, 1975, and executed a final receipt on April 10, 1975. On April 14, 1975, however, he was discharged for poor work performance and attitude. He worked for four different employers during the next year. On April 29, 1976, he filed a review petition which was treated by the referee and Board as seeking, in effect, to set aside the April 10, 1975 final receipt. The referee concluded that, although the claimant had injured his left shoulder in two incidents with the employers for whom he had worked after his separation from Burnham, his medical expert had established the existence of a residual disability from the March 14, 1975 incident at Burnham, and the referee, although setting aside the final receipt, suspended the claimant's benefits because the residual disability did not affect his earning power. The Board affirmed and the instant appeal ensued.

Our scope of review where, as here, the Board took no additional evidence and the party with the burden of proof has not been successful before the referee, is limited to a determination of whether or not an error of law was committed or if in making the factual findings there has been a capricious disregard of compe-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

tent evidence in the record. *Killian v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

The claimant argues[2] that the referee committed an error of law in computing his wages under Section 309 (d) of the Act[3] which controls where, as here, an employee has been employed less than 13 calendar weeks immediately preceding an injury. Such section provides in pertinent part:

> (d)   If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, or in case the employe receives wages, monthly or semi-monthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of three consecutive calendar months in the year immediately preceding the injury;

> If the employe has been in the employ less than thirteen calendar weeks (or three calendar months, if the employe receives wages monthly or semi-monthly) immediately preceding the injury, his average weekly wage shall be computed

---

[2] The claimant, in his statement of the issues involved in this appeal, does not challenge the proposition that an employee seeking to set aside final receipt whose residual disability did not affect his working ability or earning power should not receive benefits. Rather, he challenges the referee's method of wage calculation maintaining that such figure was too low.

[3] 77 P.S. §582(d).

under the foregoing paragraph, taking "total wages" for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks worked, when work was available to other employes in a similar occupation, *unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the "total wages" of employe so employed less than thirteen calendar weeks (or three calendar months).* (Emphasis added.)

The referee had attempted to calculate the claimant's wages under the method set forth in Section 309(d) of the Act but found that the wage breakdowns for employees in positions similar to the claimant's for the 13 weeks preceding his March 14, 1975 injury date did not "ascertain fairly the total wages of" the claimant because the earnings of such other employees ranged from $195.28 to $313.95,[4] and their work hours varied from 26 to 66 hours per week. He then concluded that such deviations in pay and work hours established a "reason of exceptional causes" under the last clause in Section 309(d) and that other methods of wage calculation were consequently permissible in order to "ascertain fairly" what the claimant's wages were. He then determined that the average weekly wage earned by the claimant was $203.72 which was the weekly amount he had earned at Burnham for the week preceding his March 14, 1975 injury and for the week following his return to work for Burnham before he was discharged on April 14, 1975.

We agree with the Board that the referee did not err. Section 309(d) of the Act clearly allows for alternative methods of computation and we believe that,

---

[4] The referee also noted that these employees' earnings, unlike the claimant's, did not include shift differentials.

under the circumstances presented here, the referee could have concluded that a "reason of exceptional causes" existed and that another method of computation was necessary to "ascertain fairly" what the claimant's wages were. As a result, the referee had the power to suspend the claimant's benefits because his residual disability had not caused him a loss of earning power. Section 413 of the Act.

Concerning the claimant's request for attorney's fees, we agree with the referee and Board, especially in light of the two injuries which claimant admittedly sustained to his left shoulder while working for other employers after leaving Burnham, that Burnham's contest of liability had a reasonable basis.

We will, therefore, affirm the order of the Board.

### ORDER

AND Now, this 22nd day of February, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.