Burgettstown Area School District and Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Magdelene Slone), Respondents.

Argued February 2, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

Raymond F. Keisling, Will & Keisling, for petitioners.

M. Scot Curran, Clarke and Curran, for respondent, Magdelene Slone.

OPINION BY JUDGE BLATT, March 23, 1983:

The Burgettstown Area School District and the Insurance Company of North America (petitioners) appeal an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of their petition to terminate claimant Magdelene Slone's benefits.

This is the second time this matter has been before us. In *Burgettstown Area School District v. Workmen's Compensation Appeal Board*, 47 Pa. Commonwealth Ct. 326, 328-29, 407 A.2d 1383, 1384 (1979). Judge CRAIG observed that:

> The issue is whether or not claimant is capable of performing assignments as a *substitute* classroom teacher, given her present physical limitations. There is no dispute as to the availability of that kind of work.
>
> Work at the blackboard is the crux of the problem in this case.

The referee made the following finding of fact, upon which, alone, rests the conclusion that claimant could not perform classroom teacher work:

"4. Claimant could not perform the duties of a classroom teacher because she would have difficulty working at the blackboard. . . ." (Emphasis in original.)

A remand was ordered "for a *specific* finding, based on competent evidence, on the issue of whether or not claimant, as a substitute teacher, would be *required* to use a blackboard." *Id.* at 331, 407 A.2d at 1385 (emphasis added).

Upon remand, however, the referee failed to make the directed specific factual finding. Instead, he found that: "Claimant could not perform the duties of a classroom teacher because she would have difficulty working at a blackboard. . . ."

We reiterate that the claimant's *ability* to perform at the blackboard was and is not at issue; rather, the necessary finding in this matter must answer whether or not she would actually be *required* to use a blackboard to teach as a substitute in the Burgettstown Area School District.

Inasmuch as factual findings in workmen's compensation cases are to be made by the referee[1] and not by this Court,[2] and insofar as the record discloses testimony from the remand hearing relating to[3] whether or not the claimant would be required to use a blackboard to teach as a substitute in the Burgettstown

---

[1] The Board took no additional evidence.

[2] *Killian v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

[3] Our review of the record indicates that at the remand hearing, the principal at Burgettstown Junior-Senior High testified that there was no requirement that substitute or classroom teachers use a blackboard in order to perform their duties.

Area School District, we must, due to the referee's failure to make a finding as directed, again remand this matter for a specific finding on this crucial issue.

As we stated the first time this matter was before us:

> If the evidence supports a finding that claimant would not be required to use a blackboard, a recomputation of benefits based on a partial disability would appear to be appropriate. See Yellow Cab Co. v. Workmen's Compensation Appeal Board, 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978).

*Id.* at 331, 407 A.2d 1385.

The Board's order is therefore vacated and this matter is remanded to it for disposition consistent with this opinion.

#### ORDER

AND Now, this 23rd day of March, 1983, the order of Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is vacated and remanded to said Board for disposition in accordance with this opinion. Jurisdiction is relinquished.