518 A.2d 902

Fairchance Lumber Company, Petitioner *v.* Workmen's Compensation Appeal Board (Glebis), Respondents.

Submitted on briefs October 9, 1986, to Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Howard Grossinger,* with him, *Stephen C. Schemerin,* for respondent, Anthony Glebis.

OPINION BY JUDGE COLINS, December 18, 1986:

Fairchance Lumber Company (employer) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of workmen's compensation to Anthony Glebis (claimant), a construction laborer, pursuant to Section 309(d) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §582(d), in

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(d).

the amount of $284.00 per week as based upon the referee's determination that claimant's average pre-injury weekly wage amounted to $578.88.

Upon appeal to this Court, the employer submits that the referee erroneously computed the claimant's pre-injury weekly wage, a miscalculation that may be utilized to compute compensation in any future proceedings in this claim.[2] The claimant contends that the employer has waived our consideration of the allegedly erroneous computation by its failure to object to the claimant's wage testimony or to introduce wage evidence at the hearings before the referee.

The record indeed reveals that the claimant's statements that he worked "about seven days" for the employer, at $12.06 per hour for eight hours per day, constituted the only evidence presented by either party concerning claimant's pre-injury earnings. However, the fact that the employer did not object to this testimony or introduce contrary evidence does not lead us to conclude that the issue of award computation has been waived.

The doctrice of waiver has been employed in unemployment compensation to preclude appellate review of issues not raised before the referee or the Board. *See Wing & King v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981); *see also* 2 Pa. C. S. §703. On appeal to the Board, the employer here alleged errors of law in (1) the referee's method of calculating the claimant's average weekly wage and (2) the award of compensation based on an average weekly wage of $578.88. We take the employer's argument, as

---

[2] The employer does not contest the compensability of the claimant's injury and concedes that claimant is entitled to compensation at the rate of $284.00 per week, the statutory maximum as of the date of injury.

raised before the Board,[3] to be that the referee erred in the application of Section 309(d) of the Act to the figures derived from the claimant's testimony. As the Act does not contemplate the filing of exceptions to a referee's determination, we fail to understand how the employer could have raised the issue of the computation of benefits at any earlier stage of these proceedings. We thus conclude that this issue is properly before us.

The computation of the average weekly wage for purposes of determining compensation where, as here, the claimant has been employed less than thirteen calendar weeks preceding an injury is governed by Section 309(d) of the Act, 77 P.S. §582(d), which provides in pertinent part:

> If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, or in case the employe receives wages, . . .

> If the employe has been in the employ of employer less than thirteen calendar weeks . . . immediately preceding the injury, his average weekly wage shall be computed under the foregoing paragraph, taking "total wages" for such purpose to be the amount he would have earned had he been so employed by employer the full

---

[3] The Board affirmed the referee's decision upon determining that the claimant's entitlement to the then allowable statutory maximum rate of compensation rendered any miscalculation by the referee to be harmless error.

thirteen calendar weeks (or three calendar months) immediately preceding the injury and had worked, when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such method of computation does not ascertain fairly the "total wages" of employe so employed less than thirteen calendar weeks. . . .

The referee here did not delineate the mathematical formula by which she determined that the claimant's average pre-injury weekly wage amounted to $578.88. We infer that the referee utilized the following formula: wages per hour ($12.06) multiplied by hours of work per day (8) multiplied by six (assuming a six-day work week). There is no record evidence in support of the referee's assumption that the claimant worked six days per week. The only evidence on this question was the claimant's testimony on direct and cross-examination, respectively, as follows:

Q. How long had you been employed by the company?

A. *About* seven days I was there.

. . . .

Q. You had been working about eight days on this job at the school?

A. Yes, seven days. (Emphasis added.)

Nor is there record evidence in support of a computation based upon the wages of comparable employees as provided by the above-quoted statutory language. While Section 309(d) of the Act clearly provides for alternative methods of computation, *see Miller v. Workmen's Compensation Appeal Board (Burnham Corp.)*, 72 Pa. Commonwealth Ct. 253, 456 A.2d 1114 (1983), the evidence presented in the instant matter does not permit a fair computation of the claimant's average weekly wage by *any* method.

This Court's scope of review encompasses a determination whether an error of law was committed, constitutional rights were violated or any necessary finding of fact is not supported by substantial evidence. *Lehman v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982). Finding no evidence in support of the referee's computation, we are compelled to remand this matter to the Board in order that it might direct the taking of testimony clarifying the length of claimant's work week so that the referee may fairly recompute the claimant's average pre-injury weekly wage in accord with same.

Accordingly, the order of the Board is affirmed in part and vacated and remanded in part for proceedings consistent with this opinion.

ORDER

AND NOW, December 18, 1986, the order of the Workmen's Compensation Appeal Board, No. A-87381, dated December 6, 1984, is affirmed insofar as it pertains to the claimant's disability. The order is vacated and the matter is remanded to the Workmen's Compensation Appeal Board as to the computation of claimant's rate of compensation. The Board is directed to order the taking of additional testimony pertaining solely to the length of the claimant's work week so that the referee may fairly ascertain the claimant's pre-injury average weekly wage in accord with Section 309(d) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §582(d).

Jurisdiction relinquished.