579 A.2d 1363

Clifford R. McAFEE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (ALLE-
GHENY GENERAL HOSPITAL), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 1990.

Decided Aug. 30, 1990.

Thomas P. Geer, Pittsburgh, for petitioner.

Paul R. Marks, Rubinate, Walsh & Marks, Philadelphia, for respondents.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Clifford A. McAfee (Claimant) petitions this Court to review an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing Claimant's reinstatement petition.

Claimant was employed by the Allegheny General Hospital (Employer) from August 31, 1953 until October 1, 1985. On July 19, 1978, while working as a paint foreman for Employer, Claimant suffered an injury to his lower back. Claimant received benefits for this injury pursuant to a compensation agreement. These benefits, however, were suspended on August 21, 1978 when Claimant returned to light-duty work for Employer at his pre-injury wage.

Claimant continued working for Employer doing various light-duty jobs, which were within the medical limitations prescribed by his treating physician, until October 1, 1985. At that time, Claimant retired under Employer's new retirement plan.

Thereafter, Claimant filed a petition for reinstatement pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act[1], requesting reinstatement of total disability compensation because his back problems had increased to the point where he could not continue with his light-duty work. Specifically, Claimant alleged that his back injury had progressed to the point where it forced him to take early retirement.

After a series of hearings, the referee made the following pertinent findings of fact:

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

Claimant was injured July 19, 1978 in the course of his employment with the defendant.

Claimant was paid compensation and returned back to work at the same rate of pay but was assigned lighter work with some medical restrictions.

Claimant worked at various jobs with defendant and on October 1, 1985 the claimant took voluntary retirement.

The claimant's job, which was within the medical limitations prescribed by claimant's doctor, was still available to claimant at [the] time of his retirement.

The claimant was performing the work within the medical limitations of his doctor at the time he chose to retire.

(Findings of Fact Nos. 5–9). Accordingly, the referee dismissed Claimant's reinstatement petition, concluding that Claimant had not proven that he was entitled to total disability benefits.

■ On appeal by Claimant, the Board affirmed the decision of the referee because it found all of the referee's findings of fact supported by substantial, competent evidence in the record. This petition for review followed.[2]

Preliminarily, Claimant argues that it was error for the Board to affirm the referee's decision in this case since the referee who decided to dismiss Claimant's reinstatement petition was not the referee who presided at the hearings and heard the testimony. Claimant further argues that the referee who authored the decision which the Board affirmed was not competent to formulate findings of fact and conclusions of law since that referee retired from his profession approximately five years ago.

■ In *Arena v. Packaging Systems Corp.*, 510 Pa. 34, 507 A.2d 18 (1986), our Supreme Court concluded that Section 415 of the Act,[3] permits a referee who did not

2. Where both parties present evidence, our scope of review is limited to determining whether constitutional rights are violated, an error of law is committed, or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Section 415 of the Act, 77 P.S. § 851, provides that:

actually take the evidence in a workers' compensation case to render a decision on the claim. The Court reasoned that while a substitute referee may not have the opportunity to observe the demeanor of each of the witnesses, fact-finding deference should still be given to the substitute referee since all referees, in dealing exclusively with workers' compensation cases, have developed expertise in that area of the law. *Id.* at 37 n. 2, 507 A.2d at 19 n. 2.

 Regarding Claimant's second argument in which he questions the competency of retired referees to render decisions, we note that pursuant to Section 442 of The Administrative Code of 1929,[4] workers' compensation referees are considered civil service employees and are therefore governed by the Civil Service Act[5]. To effectuate the primary purpose of the Civil Service Act, the Rules of the Civil Service Commission (Rules) were implemented in Title 4 of the Pennsylvania Code. Section 101.54 of these Rules, 4 Pa.Code § 101.54, allows for the reinstatement of a former *regular status* employee *to a position in the same or comparable class from which he resigned* as long as the employee is still qualified for that position.

Additionally, Section 5706 of the State Employees' Retirement Code, 71 Pa.C.S. § 5706 (Supp.1990), allows for a retired state employee to return to state service during an emergency. That section provides in pertinent part:

> (a.1) **Return to State service during emergency.**—When, in the judgment of the head of the department, an emergency creates an increase in the work load such that there is serious impairment of service to the public, an annuitant may, with the approval of the Governor, be

[a]t any time before an award or disallowance of compensation or order has been made by a referee to whom a petition has been assigned, the department may order such petition heard before any other referee. Unless the department shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the substituted referee.

4. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 152.

5. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.-1005.

returned to State service in a classification in which he had at least two years' experience and without loss of annuity shall receive the pay for such classfication for a period not to exceed 60 days in any calendar year.

Here, the retired referee was reinstated to active referee status in order to expedite another referee's caseload. While on active referee status, he authored the decision to dismiss Claimant's reinstatement petition. As there is statutory and regulatory authorization for the reemployment of this referee even though he had retired approximately five years ago, we conclude that the Board did not err in affirming the referee's decision since the substituted referee was competent to decide the case.

Next, Claimant argues that the referee in this case failed to resolve crucial issues of fact and, therefore, the Board erred in not remanding the case for further fact-finding.

Findings of fact in a workers' compensation case need not be so specific as to provide a thorough explanation of the thought processes of the fact-finder; however, they must be sufficient to demonstrate that the fact-finding function was performed. *Killian v. Workmen's Compensation Appeal Board (Kelsey Hayes Co.)*, 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981). When a reviewing court determines that the fact-finding function was not performed because essential findings were not made, the case must be remanded for further fact-finding. *Id.*

As our Supreme Court stated in *Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975):

When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the

trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied.

Initially, we note that in a reinstatement proceeding where a claimant petitions to have a suspension lifted, the claimant's only burden is to show that while his disability has continued, his loss of earnings has recurred. Once the claimant has sustained this burden, the burden then shifts to the employer who must either continue compensation payments or demonstrate the existence of a selective type job that the claimant is able to perform. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Furthermore, where there has been a suspension of benefits, as here, there is a presumption of partial disability in favor of the claimant and the only way the employer can eliminate liability is by offering suitable work. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).[6]

In this case, the referee found that Claimant was still disabled because of his back injury (Finding of Fact Nos. 6 and 8) and that Claimant took an early retirement (Finding of Fact No. 7).[7] These facts appear to demonstrate that Claimant satisfied his initial burden of proof. Accordingly, the burden then shifted to Employer to establish that work was available to Claimant *which Claimant was capable of performing.*

Relying on the medical testimony of Claimant's treating physician,[8] the referee did find in Finding of Fact

---

6. We noted the proper burdens of proof in this case because, from our review of the referee's decision, it appears as though the burden was improperly placed upon Claimant to prove that as of October 1, 1985, his disability, rather than his status, had changed.

7. Obviously, if Claimant retired because of his back injury, Claimant suffered a loss of earning power.

8. Although the referee did not support any of his findings with citations to the record, we presume that Finding of Fact No. 9 was

No. 9 that Claimant was performing work at the time he chose to retire which was within the medical limitations prescribed by this physician. From our independent review of the record in this case, however, we find that this medical witness testified that although the work was within Claimant's medical limitations, "even that was starting to get to him." [9] Moreover, because the job that Claimant was performing at the time of his retirement was "too much for him," Claimant's treating physician testified that he recommended to Claimant that he retire from the job. [10] No findings, however, were made regarding Claimant's ability to perform the light-duty job available to Claimant by Employer. As such a finding is essential for our review of the case *sub judice*, [11] we remand this matter for the taking of additional testimony regarding Claimant's ability to perform the job that Employer has available for Claimant.

 There are also additional reasons why this case must be remanded for further fact-finding. First, a finding should be made regarding the credibility of witnesses. As much as we would, at times, like to resolve credibility issues, the rule remains that it is within the province of the referee as fact-finder to make credibility determinations. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Casey)*, 115 Pa. Commonwealth Ct. 374, 540 A.2d 10, *petition for allowance of appeal denied*, 520 Pa. 590, 551 A.2d 217 (1988). A finding regarding the credibility of witnesses is vital to our review of this case, as we are bound only by findings of fact which are clearly the result of resolutions of conflicts in the testimony and which are supported by substantial, competent evidence. *Killian.* In

based upon the testimony of Claimant's medical witness since Employer did not present any medical witnesses.

**9.** N.T., Dr. Blakley's February 24, 1986 Deposition, p. 27.

**10.** N.T., Dr. Blakley's February 24, 1986 Deposition, p. 19.

**11.** Such a finding is essential to our determination as to whether Claimant's loss of earnings was caused by his voluntary withdrawal from the labor market or by his injury. *See Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa. Commonwealth Ct. 218, 569 A.2d 1038 (1990).

this case, while Employer did present factual witnesses, it did not present any medical witnesses. Consequently, for our resolution of this case, we need to know what testimony [12] the referee accepted and rejected.

Second, substantial testimony was elicited from Claimant regarding a March 28, 1984 accident at work in which Claimant either re-injured or aggravated his lower back. According to Claimant, it was after this incident that he began having more trouble with his back; yet, no findings were issued regarding this event and the role it played in Claimant's early retirement. Accordingly, findings regarding this event should be made on remand as well.[13]

Finally, we would also request that two documents be entered into evidence on remand so that we may properly review this case. We request that the Supplemental Agreement between Claimant and Employer be made part of the record so that we may determine whether it provides for partial disability, total disability or only that there be no loss in earnings. Furthermore, we ask that Claimant's pension agreement be made part of the record.

Accordingly, as we conclude that many additional facts need to be determined before we can properly review this case, we order that the Board's decision be vacated and the case be remanded for further proceedings in accordance with the foregoing opinion.

ORDER

AND NOW, this 30th day of August, 1990, the Order of the Workmen's Compensation Appeal Board is vacated and

12. Especially, we need to know what testimony, if any, of Claimant and Claimant's medical witness that the referee accepted or rejected.

13. Specifically, it should be determined:
(1) Whether Claimant's March 28, 1984 accident was work-related;
(2) Whether Claimant's March 28, 1984 accident constituted a new injury or a recurrence of the previous injury; and
(3) Whether Claimant's March 28, 1984 accident played any role at all in Claimant's ability to perform his light-duty job.

the above-captioned case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting

I respectfully dissent.

Where a claimant seeks reinstatement of suspended benefits, the claimant must prove that he continues to suffer from a work related injury and that the injury caused a loss of earnings. *Andersen v. Workmen's Compensation Appeal Board (National Forge Company )*, 113 Pa. Commonwealth Ct. 601, 537 A.2d 971 (1988). Claimant argues that his loss of earnings was caused by his injury because his injury forced him to retire.

The majority concludes that "[n]o findings ... were made regarding Claimant's ability to perform the light-duty job [made] available to Claimant by Employer". 134 Pa.Commonwealth Ct. at 570, 579 A.2d at 1368. The majority holds that such a finding is crucial to our appellate review and remands the case for additional testimony and a finding on this issue.

I strenuously disagree. The referee did make sufficient findings of fact for appellate review. Claimant was required by *Andersen* to prove that his injury caused his loss of earnings by forcing him to retire. The referee found that, at the time Claimant retired, his job was within his prescribed medical limitations, he was performing the job, and his job was still available to him. As to Claimant's decision to retire, the referee specifically found that he took *voluntary* retirement. Clearly, Claimant's loss of earnings was caused by his voluntary retirement and not his injury. Consequently, he is not eligible for benefits. *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa. Commonwealth Ct. 218, 569 A.2d 1038 (1990).

Accordingly, I would affirm.[1]

1. If the finding of fact in dispute had not been made, this court could only remand for the making of such a finding on the existing record. Claimant had the burden and opportunity to present evidence as to the disputed issue. This court lacks authority to permit Claimant a

second opportunity to present evidence as to this issue. *Elliot v. Workmen's Compensation Appeal Board (C.S. Engineers, Inc.),* 72 Pa. Commonwealth Ct. 195, 455 A.2d 1299 (1983).