**Thomas E. HANIGAN, Appellant,**

v.

**HEDSTROM CONCRETE PRODUCTS, INC., Employer, and Fireman's Fund Insurance Companies, Insurance Carrier, Appellees.**

**No. 93–1451.**

Supreme Court of Iowa.

Nov. 23, 1994.

Rehearing Denied Dec. 20, 1994.

John A. Rodenburg, Council Bluffs, for appellant.

Dorothy L. Kelley and Patrick D. Smith, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Thomas E. Hanigan was injured as a truck driver for Hedstrom Concrete Products, Inc. The question on appeal is whether the industrial commissioner correctly computed his loss of income for workers' compensation benefits. The district court held that the computation was correct, and we agree.

Hanigan was an intermittent employee, working only when Hedstrom's own truck drivers could not keep up with the work. The injury occurred while Hanigan was delivering a load of Hedstrom's products to Calgary, Canada.

The parties stipulated most of the relevant facts and left for resolution only the question of what was the employee's "wage basis" under Iowa Code section 85.36.

Two subsections of the statute are involved. Section 85.36(6) (1991) provides that

> [i]n the case of an employee who is paid on a daily, or hourly basis, or by the output of the employee, the weekly earnings shall be computed by dividing by thirteen the earnings, not including overtime or premium pay, of said employee earned in the employ of the employer in the last completed period of thirteen consecutive calendar weeks immediately preceding the injury.

The parties agree that Hanigan was paid by the mile, or "output," so his weekly earnings should be ordinarily computed under section 85.36(6). Hanigan, however, had worked for Hedstrom for only two weeks in the thirteen-week period preceding his September 1984 injury. He maintains that section 85.36(7) therefore applies:

> In the case of an employee who has been in the employ of the employer less than thirteen calendar weeks immediately preceding the injury, the employee's weekly earnings shall be computed under subsection 6, taking the earnings, not including overtime or premium pay, for such purpose to be the amount *the employee would have earned had the employee been so employed by the employer the full thirteen calendar weeks immediately preceding the injury and had worked, when work was available to other employees in a similar occupation.*

(Emphasis added.)

Hanigan's earnings for the two weeks totaled $366.95. The commissioner divided that figure by two and arrived at a weekly average of $183.47.

Hanigan claims that the commissioner erred in using this calculation and that, under section 85.36(7), his wage basis should be based on one of these possibilities: (1) the amount a truck driver who drove sixty hours per week at fifteen cents per mile (the amount Hanigan receives) would have earned, or $450 per week; (2) the amount he would have earned had he completed his last trip (the one on which he was injured), which would have been $420 per week; or (3) the amount he would have earned as a steady, rather than an intermittent, employee of Hedstrom, or $308 per week.

The problem with Hanigan's argument is that these hypothetical drivers were not, as section 85.36(7) requires, "similar" employees. Two of the scenarios presented full-time drivers. The third, based on what Hanigan would have earned if he had completed the Calgary trip, is purely arbitrary. Also, it is based on an atypical week for him because trips to Calgary were very rare.

In an analogous case, a Pennsylvania court held that the earnings of other employees were so dissimilar that they could not provide a reasonable basis for computation of the wage basis for an employee working less than thirteen weeks. In that case, it used the same formula as the commissioner used here: he divided the total amount of wages by the number of weeks worked to determine the claimant's wage basis. *Miller v. Workmen's Compensation Appeal Bd.*, 72 Pa. Commw. 253, 256–57, 456 A.2d 1114, 1116 (1983).

■ The industrial commissioner has previously used a similar computation in a case in which an employee has worked for less than the full thirteen weeks preceding the injury. *See, e.g., Barker v. City–Wide Cartage*, 1 Iowa Indus.Comm'r Rep. 12, 15 (Appeal Dec. 1980). Although final interpretation of a statute is for this court, we give deference to the interpretation given a statute by the responsible administrative agency. *State v. Erbe*, 519 N.W.2d 812, 813 (Iowa 1994).

■ Consistent with the remedial nature of workers' compensation laws, statutes for computation of wage bases are

meant to be applied, not mechanically nor technically, but flexibly, with a view always to achieving the ultimate objective of reflecting fairly the claimant's probable future earning loss.

2 Arthur Larson, *Workmen's Compensation Law* § 60.11, at 10–622 (1994).

This claimant did not produce evidence of what a truly similar employee would have earned. In view of the lack of evidence on that matter, it would be difficult to formulate a fairer test for a wage basis than to average the wages actually received by the employee.

It was not error for the commissioner to adopt an averaging test in interpreting and applying Iowa Code sections 85.36(6) and (7).

**AFFIRMED.**