624 A.2d 757

**Thomas J. CONNOR, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SUPER SUCKER, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1992.

Decided April 16, 1993.

Thomas C. Baumann, for petitioner.

Steven L. Morrison and Victoria Lynn DeFrank, for respondent.

Before DOYLE, COLINS and KELLEY, JJ.

KELLEY, Judge.

On January 4, 1988, Thomas Connor (claimant) suffered a work-related injury to his right thigh when the tailgate of a dump truck fell and struck his leg. Claimant filed a claim petition against his employer, Super Sucker, Inc. (employer), and after a series of hearings, a referee awarded claimant compensation from January 5, 1988, through August 15, 1988, with benefits terminating after that date.

Claimant appealed to the Workmen's Compensation Appeal Board (board), averring that the evidence did not support the referee's finding that disability had terminated. The board remanded to the referee for more specific findings as to the extent of claimant's recovery from the injury. Upon remand, the referee issued a new decision reaching the same result. Claimant again appealed and the board affirmed. This appeal by claimant followed.

This court's scope of review is to determine if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ Claimant first argues that substantial evidence does not support a finding that claimant's disability had terminated as of August 15, 1988. Specifically, claimant argues that the medical testimony presented by employer at best supports a suspension of benefits after August 15, 1988. Claimant asserts that although employer's doctor, Dr. Robert Mantica, testified that claimant could return to work, he admitted that claimant had residual problems from the injury.

■ We have reviewed Dr. Mantica's testimony in its entirety, and we conclude that the only admission of a residual

problem was the doctor's statement that claimant had a loss of muscle mass in the thigh, which the doctor characterized as a physical deformity affecting claimant's appearance only. Dr. Mantica made it clear that he believed that claimant was "functionally" the same as before the injury, *i.e.*, claimant would have no problems performing any physical activity which he could perform before the injury. Reproduced Record at 180a. Claimant cites no authority for the proposition that the presence of a minor physical deformity precludes the termination of benefits, and we decline to so hold.

 Claimant next argues that the referee could not terminate benefits because employer never requested a termination. Claimant relies on *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris)*, 140 Pa.Commonwealth Ct. 16, 591 A.2d 347 (1991), and *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). In both of those cases this court held that a referee erred in exceeding the relief requested by employer by granting a termination when employer had filed a petition for modification. Claimant's argument ignores the fact that this is a *claim* petition and that it is claimant's burden to prove the extent of his disability. If the referee feels the evidence supports a finding of disability only for a closed period, he is free to make such a finding.

 Lastly, claimant argues that the referee erred in concluding that claimant's doctor's testimony was equivocal. We have reviewed the testimony of Dr. Dugan and we conclude that the referee did not err in that one of the main reasons Dr. Dugan felt that claimant could not return to his pre-injury position was because of fainting spells, which the doctor could not attribute to the work-related injury. It is also apparent from the referee's findings and conclusions that he simply rejected the portions of the doctor's testimony which were not equivocal and which related to claimant's ability to return to his pre-injury position.

For the foregoing reasons, we will affirm the order of the board.

## ORDER

NOW, this 16th day of April, 1993, the order of the Workmen's Compensation Appeal Board, dated December 23, 1991, at No. A91–0037, is affirmed.