630 A.2d 923

**Lawrence J. VITELLI, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ST. JOHNSBURY TRUCKING CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1993.

Decided Aug. 13, 1993.

Reargument Denied Oct. 4, 1993.

Eric P. Betzner, for petitioner.

James M. Poerio, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lawrence J. Vitelli appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's suspension of Vitelli's benefits on the date of his retirement. We affirm.

On July 13, 1989, Vitelli sustained a work-related heart attack while employed as a driver for St. Johnsbury Trucking Company (Employer). At the first hearing before the referee, Vitelli testified that he understood that he should not return to work and did not believe he was physically capable of performing his former job as a truck driver. (44a–45a). Vitelli also testified that he had retired. The referee asked Vitelli if he intended to look for any work in the future in light of his retirement and Vitelli responded, "I am retired. I feel that it is a time in life, I will be 64 in November, sir." (51a–52a). However, elsewhere in his testimony Vitelli stated that if his physician advised, he would try a light-duty job, (48a), and had he not sustained the heart attack he would have continued working. (52a).

At a second hearing, Vitelli's counsel attempted to question Vitelli further concerning the reason he had retired and was not looking for work. The referee refused to permit such questioning, stating that the question had been asked and answered in the first hearing. Vitelli's counsel objected, asserting that no one had asked Vitelli why he had retired, a relevant issue in our holding in *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990). The referee stated that he did not "care why [Vitelli] retired," asserting that the issue was that Vitelli did not intend to look for work in the future, a question to which Vitelli had answered "no" at the previous hearing. (59a, 51a).

The referee suspended benefits, finding:

7. Claimant testified that he does not intend to look for work in the future and that he is retired.

8. Based upon that testimony, claimant voluntarily removed himself from the labor market as of February 4, 1990.

9. From February 4, 1990, claimant's loss of earnings was unrelated to said injury.

On appeal, the WCAB affirmed.

■ On appeal to this Court,[1] Vitelli asserts that: (1) the referee erred as a matter of law in his application of *Dugan* to the facts; (2) the referee's findings are not supported by substantial evidence; (3) the referee abused his discretion in assuming an advocacy role and by denying Vitelli an opportunity to further testify regarding his reasons for retirement; and (4) the referee improperly granted Employer a suspension of benefits where no request was made for such relief.

## I.

Vitelli first argues that the referee misapplied *Dugan* to the facts of this case. Vitelli asserts that under Section 413(a) of the Pennsylvania Workmen's Compensation Act,[2] an employer seeking a modification or suspension of compensation must prove that the disability of an injured employee has changed, increased, decreased, recurred or has temporarily or finally ceased. Vitelli contends that this case is controlled by *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), in which the Supreme Court developed a four-step process of analysis to determine whether or not an employer had met its burden to modify or suspend compensation benefits under Section 413(a) of the Act.[3]

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

3. 1. The Employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

In *Kachinski*, an employer who is seeking to modify benefits must first show that the claimant has recovered some or all of his ability to work by producing medical evidence of a change in the claimant's condition. Vitelli asserts that *only after* the employer has established a change in the condition does the second-step of the analysis, i.e., the issue of work availability, arise. This second step requires the employer generally to establish that it has referred the claimant to or offered the claimant alternative available work within the claimant's physical limitations.

▮ In *Dugan*, this Court created a limited exception to an employer's general obligation of showing job availability, holding that a showing of job availability is not necessary where a claimant unequivocally states that he had no intention of seeking future employment. *Dugan* recognized that the employer should not have to bear the burden of referring a claimant to positions when the claimant had already indicated that he will not consider or accept these positions. In addition, *Dugan* realized that to require the employer to show a change of condition where the employee has voluntarily removed himself from the work force would serve no purpose because the employee has chosen not to work regardless of his condition.

Vitelli argues that *Dugan's* exception created only a limited exception to the *second* step of *Kachinski*. If we were to accept Vitelli's argument, retirement would become a guarantee for the continuing receipt of benefits. Further, once the claimant has removed himself from the work force, it would be pointless for the employer to provide available work or show that there has been a change in condition. If we accept Vitelli's position as law, a flood gate of individuals receiving

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.
3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
4. If the referral fails to result in a job then claimant's benefits should continue.
*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

compensation might retire in order to maintain compensation indefinitely. Therefore, we hold that the referee did not err in applying *Dugan,* rather than *Kachinski,* and thus, relieving Employer of proving a change in Vitelli's condition.

## II.

Next, Vitelli asserts that the referee's findings, that 1) he is retired and 2) does not intend to look for work in the future, are not supported by substantial evidence. We do not agree.

Vitelli explicitly testified that he was retired and he would not seek employment in the future. Other aspects of Vitelli's testimony arguably support the contention that his retirement was not voluntary but rather was forced upon him because he had a work-related injury. Under our scope of review we cannot consider the existence of other testimony which might support factual findings different that those of the referee. We must examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the referee's finding. *Laird v. Workmen's Compensation Appeal Board (Michael Curran & Associates),* 137 Pa.Commonwealth Ct. 206, 585 A.2d 602 (1991). It is the referee's duty to examine the evidence, resolve conflicts and choose one side over another. *Sears Roebuck and Co. v. Workmen's Compensation Appeal Board (Moore),* 48 Pa.Commonwealth Ct. 161, 409 A.2d 486 (1979). We may not reweigh evidence and substitute our judgment for that of the referee. *Beth Energy Mines, Inc. v. Workmen's Compensation Appeal Board (Kudran),* 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990), *appeal denied,* 527 Pa. 652, 593 A.2d 423 (1991). Vitelli's testimony was contradictory and inconsistent. When a witness offers inconsistent testimony the referee must weigh the testimony and resolve inconsistencies. *Alcoa v. Workmen's Compensation Appeal Board (Huber),* 49 Pa.Commonwealth Ct. 152, 410 A.2d 945 (1980). We have reviewed the record and hold that the referee's findings are supported by substantial evidence.

## III.

Vitelli asserts that the referee abused his discretion by improperly assuming an advocacy role and by denying Vitelli an opportunity to further testify concerning the reason for his retirement.

As a fact-finder in workmen's compensation hearings, a referee is not only empowered to ask whatever questions are necessary to clarify disputed issues, but has an obligation to do so. The referee here asked those questions he felt necessary to clarify Vitelli's intention with regard to future employment where the direct examination left the manner unclear.

Because Vitelli had already testified concerning why he had retired, i.e., because he was 64, the referee did not err in denying Vitelli the opportunity to further testify. The referee has the discretion to limit testimony that is repetitive. 1 Pa.Code § 35.161; *Westinghouse Electric Co. v. Workmen's Compensation Appeal Board (Pollock),* 96 Pa.Commonwealth Ct. 436, 507 A.2d 1287 (1986).

## IV.

Finally, Vitelli asserts that the referee erred in suspending Vitelli's benefits because Employer had not filed a petition for suspension of benefits.

This argument is without merit because in *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.),* 155 Pa.Commonwealth Ct. 102, 624 A.2d 757 (1993), we held that in a litigated claim petition, as we have here, "it is the claimant's burden to prove the *extent* of his disability. If the referee feels the evidence supports a finding of disability only for a closed period, he is free to make such a finding." 155 Pa.Commonwealth Ct. at 102, 624 A.2d at 757. The referee found that Claimant's disability had ceased upon retirement, which is permissible under *Connor.*

Accordingly, we affirm.

## ORDER

AND NOW, this 13th day of August, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SMITH, J., dissents.