**SHANNOPIN MINING COMPANY and Underwriters Safety & Claims, Inc., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TURNER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 15, 1998.

Decided July 14, 1998.

---

Raymond F. Keisling, Carnegie, for petitioners.

Anthony J. Kovach, Uniontown, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Shannopin Mining Company (Employer) and its insurer Underwriters Safety and Claims, Inc. (together, Employer/Insurer) appeal from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant Kenneth G. Turner's (Claimant) claim petition and award Claimant workers' compensation benefits. We affirm.

Claimant was employed in the coal mining industry in a variety of positions with Employer from July 1, 1973 through January 3, 1992, when Claimant retired. On February 3, 1993, Claimant filed a claim petition alleging disability, as of October 19, 1992, from coal workers' pneumoconiosis as a result of his employment with Employer. Based on medical evidence adduced at the hearings on the claim petition, the WCJ found that Claimant was totally and permanently disabled from coal workers' pneumoconiosis resulting from his employment with Employer and awarded Claimant total disability benefits. On appeal, the WCAB held that there was sufficient evidence to support the WCJ's finding that Claimant had coal workers' pneumoconiosis and was unable to work because of the disease. However, the WCAB concluded that, to establish an entitlement to benefits, *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 537 Pa. 32, 640 A.2d 1266 (1994), requires Claimant to prove that his decision to retire was due to the existence of his occupational disease and was not voluntary.[1] Therefore, the WCAB remanded the case to the WCJ to take additional evidence and render a decision on this issue.

At the hearing held on remand, Claimant testified that he terminated his employment because he could not breathe.[2] Claimant also admitted that he has not looked for any work since he retired. (R.R. at 59a.) The WCJ credited Claimant's testimony and found that Claimant retired because of breathing problems stemming from his yet unknown disease. (WCJ's 2/22/95 Findings of Fact, No. 4.) Employer/Insurer again appealed, and the WCAB affirmed.

Employer/Insurer now appeal to this court,[3] arguing that the WCJ and the WCAB

---

1. If Claimant voluntarily retired, he is not entitled to workers' compensation benefits; however, if Claimant was forced into retirement because of his pneumoconiosis, his retirement would not bar his claim for benefits. *See Republic Steel; see also Cipcic v. Workmen's Compensation Appeal Board (Consolidation Coal Co.),* 693 A.2d 1009 (Pa.Cmwlth.1997).

2. At the first hearing held in this matter on April 13, 1993, Claimant testified that he terminated his employment "[b]ecause I couldn't do my work the way I should.... [B]ecause I couldn't get my breath." (R.R. at 40a.) At the hearing held on remand, Claimant testified on direct examination as follows:

> Q. You had testified earlier in this matter, Mr. Turner, and you indicated that you had a breathing problem, why did you terminate your employment at this coal industry in this manner?

> A. Because I couldn't breathe. If we ever would have had a fire or anything, I never would have gotten out of there.
> Q. You didn't retire and then your breathing problem developed; is that correct?
> A. No, that's right. I wanted to work until I was 65.
> Q. And you could not work until you were 65; is that correct?
> A. No, I couldn't.
> Q. What prohibited you from performing your employment?
> A. I just couldn't do it. I couldn't breathe.
> Q. And is that why you terminated your employment?
> A. Yeah.
> (R.R. at 58a–59.)

3. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported

erred in concluding that Claimant was forced to retire due to coal workers' pneumoconiosis. Rather, Employer contends that, under *Republic Steel*, Claimant must be denied benefits because he voluntarily retired and there is no evidence that Claimant's earning power was affected by his coal workers' pneumoconiosis. We disagree.

Claimant testified that he retired because of his breathing problems, and the WCJ found this testimony to be credible. It is well settled that credibility determinations are for the WCJ. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995). Because Claimant's credible testimony supports the WCJ's finding that Claimant was forced into retirement by his occupational disease, we must accept that finding on appeal. *See id.* Clearly, because Claimant's breathing problems led to his retirement, those breathing problems caused Claimant to suffer a loss of earning power.[4] *See McAfee v. Workmen's Compensation Appeal Board (Allegheny General)*, 134 Pa.Cmwlth. 562, 579 A.2d 1363 (1990).

Accordingly, because Claimant did not voluntarily retire, but, rather, was forced into retirement because of breathing problems resulting from his pneumoconiosis, Claimant is entitled to benefits, and we affirm the order of the WCAB.[5]

FLAHERTY, J., did not participate in the decision in this case.

by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. The fact that, at the time of Claimant's retirement, he was not diagnosed yet with coal workers' pneumoconiosis is not dispositive. "[O]ccupational diseases are latent and insidious in nature, often requiring years of incubation before they are discovered." *Republic Steel*, 537 Pa. at 38, 640 A.2d at 1269. At the time of Claimant's retirement, he was suffering from the symptoms of pneumoconiosis, and it was these symptoms of the disease which forced Claimant to retire.

5. Because of the particular facts here, we must reject Employer's argument that Claimant is not entitled to benefits because he has not looked for any work since his retirement. We recognize that there may be circumstances where a claimant may be forced to retire from his or her time-of-injury job due to a work-related injury, but may not be disabled from other type of work. In

## ORDER

AND NOW, this 14th day of July, 1998, the order of the Workers' Compensation Appeal Board, dated September 19, 1997 at No. A95–4607, is hereby affirmed.

that situation, the claimant must show that he or she has *not* voluntarily withdrawn from the entire *labor market* and is open to employment within his or her physical capabilities in order to be entitled to benefits under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4. *See Southeastern Pennsylvania Transportation Authority v. Workmen's Compensation Appeal Board (Henderson)*, 543 Pa. 74, 669 A.2d 911 (1995). However, here, the WCJ found that Claimant was "totally and permanently disabled." (WCJ's 2/5/93 Findings of Fact, No. 10.) Moreover, Jerome J. Lebovitz, M.D., credibly testified that Claimant's shortness of breath is severe enough to prevent Claimant from performing gainful employment. (R.R. at 127a–28a.) Thus, there would not be any type of work that would be within Claimant's physical capabilities. Accordingly, here, Claimant cannot be denied benefits on the ground that he is not seeking other employment.