**Francis ROPOCH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COMMONWEALTH OF PA/DPW), Respondent.**

Commonwealth Court of Pennsylvania.

Argued: Dec. 10, 2007.

Decided: Jan. 14, 2008.

Gerard W. Langan, Jr., Pittston, for petitioner.

Brian M. Hemak, Scranton, for respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Francis Ropoch (Claimant) petitions for review of a determination of the Workers' Compensation Appeal Board (Board) affirming a decision of a Workers' Compensation Judge (WCJ), denying Claimant's review petition. For the reasons that follow, we affirm.

The facts of this case do not appear to be in dispute. Claimant sustained a work-related injury to his low back on July 3, 1997, while in the course and scope of his employment with the Commonwealth of Pennsylvania, Department of Public Welfare (Employer). Pursuant to a notice of compensation payable (NCP), Claimant received benefits in the amount of $496.35 per week based on an average weekly wage of $744.52. On May 6, 2003, Employer filed a notice of workers' compensation benefit offset as a result of Claimant's receipt of Social Security benefits on April 3, 2006. On that date, Claimant's Social Security disability benefits were converted to Social Security old age benefits.[1] A

1. The parties do not dispute that Claimant was born on October 10, 1940 and reached

notice of benefit offset asserted an offset of $135.11 per week beginning on May 24, 2006.

Thereafter, Claimant filed a petition to review compensation benefit offset, alleging that Employer was inappropriately taking an offset of Social Security benefits. Employer filed an answer denying the allegations.

A hearing was held before the WCJ. While no testimony was offered, various documents were entered into evidence. In essence, Claimant asserted that he was entitled to receive workers' compensation benefits and Social Security benefits without any offset because his Social Security disability benefits were converted to old age benefits automatically and not by his choice. In other words, Claimant neither applied for retirement benefits nor did he voluntarily remove himself from the workforce.

Citing Section 204(a) of the Pennsylvania Workers' Compensation Act (Act),[2] the WCJ concluded there was no distinction between whether a claimant applies for old age benefits or they were automatically transferred from disability benefits to old age benefits. The WCJ noted:

> The claimant chose to file for social security disability benefits, which he receives, knowing that those benefits would not continue indefinitely and would automatically transfer to old age benefits once he attained the age of 65 years 6 months. Whether the claimant was receiving workers' compensation benefits or not, the disability benefits for social security would end and old age benefits would begin.

(WCJ opinion, Finding of Fact No. 6). Thus, the WCJ dismissed Claimant's petition.

On appeal, the Board affirmed. Claimant now appeals to this Court,[3] arguing that the legislature did not intend Section 204(a) of the Act to "punish" a claimant who, through a ministerial act of the Social Security Administration, has the nature of his benefit changed. Claimant stresses that in this case, he did not voluntarily remove himself from the workforce. Instead, the nature of his benefits changed as a result of procedures at the Social Security Administration.

---

the age of sixty-five on October 10, 2005. There is also no dispute that Claimant had been receiving Social Security disability benefits up through April 10, 2006, at which point the Social Security disability benefits ceased and Claimant began receiving Social Security old age benefits by operation of law. *See* 42 U.S.C. § 423(a)(1)(B) and 42 U.S.C. § 416(i)(2)(d).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a). This Section provides in pertinent part:

> The receipt of benefits from any ... fund shall not bar the recovery of ... compensation.... Fifty per centum of the benefits commonly characterized as 'old age' benefits under the Social Security Act ... shall also be credited against the amount of the payments made.... Provided, however, That the Social Security offset shall not apply if old age Social Security benefits

were received prior to the compensable injury.

3. Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Tri–Union Express v. Workers' Compensation Appeal Board (Hickle)*, 703 A.2d 558 (Pa.Cmwlth. 1997). We also note our Supreme Court's decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), which held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc.*, 571 Pa. at 203, 812 A.2d at 487.

Claimant contends that allowing an offset in the present situation would create an unjust and unequal application of Section 204(a). Specifically, Claimant notes, Social Security disability benefits do not offset a claimant's workers' compensation benefits. By the same token, Social Security retirement (or old age) benefits received prior to a work injury do not offset a claimant's workers' compensation benefits. Claimant reasons, however, that it is unfair to allow offsets in situations like the one presently before the Court, i.e., where a claimant's Social Security disability benefits automatically convert to retirement benefits.

Citing *Vitelli v. Workers' Compensation Appeal Board,* 157 Pa.Cmwlth. 589, 630 A.2d 923 (1993), *petition for allowance of appeal denied,* 537 Pa. 627, 641 A.2d 591 (1994), Claimant asserts that cases involving a voluntary removal from the workforce are instructive. Where a claimant states unequivocally that he or she is retired and has no intention of seeking further employment, the employer is relieved of the burden of proving the availability of employment in order to take a suspension of benefits. Here, Claimant notes, he did not voluntarily remove himself from the workforce yet Employer is receiving the benefit of an offset.

Employer counters that there is no basis for Claimant's challenge of the offset. The clear, unambiguous and mandatory language in the Act establish that if a claimant is receiving Social Security old age benefits under the Social Security Act, an employer is entitled to an offset. Despite Claimant's assertions that the legislature did not intend to allow an offset in a situation such as this, Employer emphasizes that the legislature did not create an exception to prevent the offset from occurring.

We agree. While we sympathize with Claimant's argument, we are nevertheless bound by the language of the statute. *See Borough of Jim Thorpe v. Jim Thorpe Borough Police Department,* 682 A.2d 73 (Pa.Cmwlth.1996)(where statute is clear and unambiguous court cannot ignore its "letter" under the pretext of pursuing its supposed spirit). Accordingly, because the statute provides for an offset under the circumstances presented here, we must affirm the order of the Board.

### ORDER

AND NOW, this 14th day of January, 2008, the order of the Workers' Compensation Appeal Board is hereby affirmed.