IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Personal Health Care, Inc. and : 
UPMC Health Benefits, Inc. : 
DBA WorkPartners, : 
          Petitioners :
: No. 1718 C.D. 2019
          v. :
: Submitted: April 24, 2020
Workers' Compensation Appeal :
Board (Cropper), :
          Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: July 10, 2020

Personal Health Care, Inc., (Employer) petitions for review from the November 13, 2019 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ), which granted Wanda Cropper's (Claimant) claim petition (Petition) under the Workers' Compensation Act (Act).[1] Upon review, we affirm.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4-2501-2710.

[2] Prior to the present disposition, Employer and UPMC Health Benefits, Inc. (Insurer) filed a request for supersedeas. On February 21, 2020, this Court concluded that Employer and Insurer failed to show that they were entitled to supersedeas under the test set forth in *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 467 A.2d 805, 808-809 (Pa. 1983).

## Facts and Procedural History

We begin by noting that the issue in this case turns on whether Employer is entitled to a credit against Claimant's compensation award due to the fact that she receives Social Security benefits. With that in mind, we turn to the factual background of this case. On June 28, 2018, Claimant filed her Petition, which alleged that she suffered a new work injury, or aggravated a prior lower back injury, on June 1, 2018. (Reproduced Record (R.R.) at 4a-8a.)[3] Employer Answered the Petition on July 18, 2018. (R.R. at 12a-20a.) This matter was eventually heard before a WCJ who issued a decision and corresponding order on May 31, 2019. (R.R. at 32a.) The WCJ issued the following findings, in relevant part, as follows:

1. [Claimant] filed a [Petition] alleging that she either sustained a new injury or aggravated a prior lower back problem in the course of employment with [Employer] on [June, 1, 2018.] Claimant seeks payment of indemnity and medical benefits in addition to unreasonable contest counsel fees. The petition was assigned and served on the parties by [n]otice dated [July 2, 2018.]

2. [Employer] filed an [a]nswer to the [Petition] essentially denying the material allegations.

3. Pursuant to a [June 25, 2018] Notice of Workers' Compensation Denial (Denial), benefits were declined because [Employer alleged that] Claimant did not suffer a work-related injury.

4.
   a) Claimant is 62 years of age and beginning in November 2017, worked as a certified nursing assistant (CNA) for [Employer.] She provided home care for clients including bathing, turning,

---

[3] Employer's reproduced record does not include the lower case "a" as required by Pa.R.A.P. 2173. Accordingly, we have demarcated the lower case "a" in our citations to the reproduced record.

repositioning, light housekeeping, laundry, meals[,] and errands.

b) On [June 1, 2018,] Claimant pulled something in her back [while] repositioning a bedridden client.

* * *

j) Claimant cannot return to work because of her injury. She cannot bend or lift. The physical demands of the job are beyond her capabilities.

k) Claimant receives [S]ocial [S]ecurity retirement benefits. She had to take early retirement because she had no income. She applied for these benefits after [June 1, 2018.]

* * *

11. Claimant's counsel agrees to the figures contained in the Statement of Wages [which] indicates an average weekly wage of $162.78 with a corresponding weekly compensation rate of $146.50.

12. The [January 15, 2019] letter of the Social Security Administration [(Social Security Letter)] documents that Claimant has received social security disability benefits since December 2018.

(Findings of Fact (F.F.) Nos. 1-4(a)-(c),(j),(k), 11, 12.) The WCJ concluded that Claimant sustained her burden of proving that she sustained a work-related injury and resulting disability, and that Employer sustained its burden of proving a reasonable contest. (Conclusions of Law (C.L.) 2-3.) Employer appealed to the Board on June 10, 2019, maintaining that the WCJ failed to award an offset against the benefits awarded to Claimant due to her receipt of Social Security retirement or old age benefits. (R.R. at 34a-37a.)

3

The Board issued its decision on November 13, 2019, addressing the sole issue of "whether the WCJ erred by not awarding Employer an offset against the award of workers' compensation benefits based on Claimant's receipt of Social Security benefits." (Board's op. at 1.) In its decision, the Board points out that

> Claimant testified: "I'm getting my retirement. I had to do an early retirement, because I have no income." [(Notes of Testimony 8/22/18 (N.T.) at 71-72; R.R. at 194a-95a.)] She further testified: "I had to retire – take – what do you call it? I don't know even what it's called." [(N.T. at 72; R.R. at 195a.)] When asked if she removed herself from the work force due to her age, Claimant responded: "I'm not removed from the work force. I have to have an income in order to live . . . I have bills to pay." [(N.T. at 73; R.R. at 196a.)]

(Board's op. at 1.) The Board pointed out that Employer submitted the Social Security Letter into evidence, which identified the type of benefit she was "entitled to [as] monthly disability benefits." (Board's op. at 2 (citing R.R. at 446a.)) The Board also pointed out that the WCJ's decision did not award Employer an offset with regard to Claimant's Social Security benefits. (Board's op. at 2.)

The Board explained that although Claimant testified with regard to what type of Social Security benefit she received, "her testimony was only that of a layperson without expertise about Social Security, and her overall testimony was not unequivocal as to what benefit she received." (Board's op. at 4.) The Board determined that the WCJ did not specifically credit Claimant's testimony with regard to what type of Social Security benefits she receives, and that with regard to the Social Security Letter, there was no formal stipulation between the parties as to the meaning of its contents. *Id.* However, the Board concluded that the Social Security Letter spoke for itself by explicitly denoting that Claimant was receiving "monthly disability benefits," and failing to mention retirement or old age benefits. *Id.* Nevertheless, the Board asked

4

Claimant to submit evidence to clarify the nature of her Social Security benefits. *Id.* at 5. Claimant submitted a Notice of Award from the Social Security Administration, which explained that she was entitled to monthly disability benefits. *Id.* According to the Board, the Notice of Award stated that "[w]e [(the Social Security Administration)] are writing to let you know that you are entitled to monthly disability benefits from Social Security."[4] *Id.* Accordingly, based on the documentary evidence, the Board concluded that the WCJ's finding that Claimant was receiving Social Security disability benefits was supported by substantial evidence and Employer was not entitled to an offset against Claimant's benefits. *Id.* Employer appealed to this Court.

## Discussion

On appeal,[5] Employer raises the sole issue of "whether the [Board] erred in affirming the WCJ's order in not granting [Employer] a credit against an award of compensation based on [Claimant's] receipt of Social Security [retirement or] old age benefits." (Employer's Br. at 4.) In support, Employer argues that under section 204

---

[4] As explained in the February 21, 2020, memorandum opinion previously filed in this case, the Board's November 13, 2019 opinion indicates that it sought additional information from Claimant regarding the nature of the Social Security benefits she was receiving. The Board indicates that Claimant submitted a January 9, 2019 Notice of Award from the Social Security Administration. However, as we explained before, this letter, not to be confused with the Social Security Letter mentioned above, does not appear in the certified record, and we will not consider it in this disposition. "An appellate court may not consider documents that are not part of the certified record." *Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa. Cmwlth. 2018) (citing *Commonwealth v. Spotz*, 18 A.3d 244 (Pa. 2011)).

[5] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

of the Act, 77 P.S. §71(a), if a claimant is receiving Social Security retirement or old age benefits, a 50% credit must be made against workers' compensation benefits. Employer maintains that Claimant testified that she had to take an early retirement from Social Security, and that she indicated the type of benefit she received was for retirement. Employer also argues that counsel agreed on the record that the information from the Social Security Administration pertained to retirement benefits.[6] Thus, Employer maintains that the WCJ should not have found that Claimant was receiving Social Security disability benefits. Employer argues that there was no evidence that Claimant applied for Social Security disability benefits or that she was mistaken as to what she was testifying. Moreover, Employer maintains that even though the Social Security Letter states that Claimant was entitled to disability benefits, it did not indicate if she was receiving such a benefit. Accordingly, Employer argues that the Board erroneously concluded substantial evidence existed to support the conclusion that Claimant was receiving Social Security disability benefits.

In response, Claimant maintains that under our decision in *Caputo v. Workers' Compensation Appeal Board (Cmwlth. of Pa.)*, 34 A.3d 908, 912 (Pa. Cmwlth. 2012), although an employer is entitled to a 50% offset against a workers' compensation award if a claimant receives Social Security retirement benefits, under *Ropoch v. Workers' Compensation Appeal Board (Cmwlth. of Pa./DPW)*, 941 A.2d 726, 728 (Pa. Cmwlth. 2008), no such offset applies to Social Security disability benefits. Claimant maintains substantial evidence existed to support the WCJ's finding that she has received social security disability benefits since December 2018. Specifically, Claimant points to the language in the Social Security Letter that clearly states that she is "entitled to monthly disability benefits." (R.R. at 446a.) In response

---

[6] Despite any agreement between the parties on the record, no binding stipulation appears to have been entered between the parties.

6

to Employer's arguments that Claimant clearly testified she was receiving a retirement benefit, Claimant argues that her testimony was equivocal. However, Claimant maintains that despite her testimony, the Social Security Letter unequivocally referred to disability benefits and made no mention of retirement benefits. Claimant argues that the WCJ properly credited the documentary evidence over Claimant's testimony.

The parties do not appear to dispute the applicable law. Section 204(a) of the Act, provides, in relevant part, that "**[f]ifty per centum of the benefits commonly characterized as "old age" benefits under the [Act] shall also be credited against the amount of the payments made under sections 108 and 306**[7] . . . ." 77 P.S. §71(a) (emphasis added). "In other words, an employer is entitled to a credit for fifty percent of old age Social Security benefits against workers' compensation disability benefits." *Muir v. Workers' Compensation Appeal Board (Visteon Systems LLC)*, 5 A.3d 847, 851 (Pa. Cmwlth. 2010). Furthermore, the plain language of section 204(a) enumerates that an offset only applies to Social Security **old age** benefits, and thus, the same does not apply to a claimant's receipt of Social Security disability benefits.[8]

This principle is illustrated in this Court's decision in *Ropoch*; although *Ropoch* considered a different issue, its logic is illustrative here. In that case, the claimant received workers' compensation benefits, and the employer filed for an offset from the date that the claimant's Social Security disability benefits were converted to Social Security old age benefits by operation of law, due to the claimant attaining the age of 65 and 6 months. *Ropoch*, 941 A.2d at 726. We concluded that the plain

---

[7] 77 P.S. §§27.1, 511-514, added by the Act of June 24, 1996, P.L. 903; 77 P.S. §71(a), added by the Act of June 24, 1996, P.L. 350.

[8] There is also no dispute that Claimant had been receiving Social Security disability benefits up through April 10, 2006, at which point the Social Security disability benefits ceased and Claimant began receiving Social Security old age benefits by operation of law. *See* 42 U.S.C. §423(a)(1)(B) and 42 U.S.C. §416(i)(2)(d). *Ropoch*, 941 A.2d at 726 n.1.

language of section 204(a) required an offset for Social Security **old age** benefits, and because the claimant's Social Security disability benefits, converted to Social Security old age benefits, the employer was entitled to an offset on the day that the benefits converted. *Id*. at 728. Accordingly, there is to be no doubt that the restriction in section 204(a) of the Act applies only to Social Security old age benefits, not Social Security disability benefits. *See also Consol Pennsylvania Coal Company/Bailey Mine Extension and East Coast Risk Management, LLC v. Workers' Compensation Appeal Board (Johnson)* (Pa. Cmwlth., Nos. 314, 370 C.D. 2019, filed Apr. 24, 2020) (unreported)[9] slip op. at 8 n.7. ("Section 204(a) of the Act does not provide for an offset of workers' compensation benefits following the receipt of social security disability benefits.").

We next address whether substantial evidence supported the WCJ's finding that Claimant was receiving Social Security disability benefits. (F.F. No. 12.) "[I]t is a fundamental tenet of workers' compensation law that the WCJ, as fact-finder, has complete authority over questions of witness credibility and evidentiary weight." *Verizon Pennsylvania Inc. v. Workers' Compensation Appeal Board (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015). "Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings." *Id*. To determine if a "finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party." *Id*. Further, "[f]or purposes of appellate review, it is irrelevant whether there is evidence to support contrary findings; if substantial evidence supports the WCJ's necessary findings, those

_____

[9] *Consol* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

findings will not be disturbed on appeal." *Id.* Therefore, "[a]s the ultimate fact-finder, the WCJ has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Id.* A court is only permitted to overturn a credibility determination "if it is arbitrary and capricious or so fundamentally dependent on a misapprehension of facts, or so otherwise flawed, as to render it irrational." *Id.*

We conclude that there was substantial evidence to support the WCJ's conclusion that Claimant was receiving Social Security disability benefits. In doing so, we keep in mind that we must consider the evidence as a whole, view the evidence in a light most favorable to Claimant, and draw all reasonable inferences which are deducible from the evidence in her favor.

First, Employer argues that Claimant's testimony supports the finding in favor of an offset and that the WCJ should not have "rendered a contradictory finding . . . when it was clear from the evidence" that Claimant was receiving Social Security retirement benefits rather than Social Security disability benefits. (Employer's Br. at 8.) However, as we have explained, "it is irrelevant whether there is evidence to support contrary findings." *Verizon*, 116 A.3d at 1162. Thus, we reject the Employer's argument in this regard as meritless. Contrarily, the proper nature of our review is whether the necessary findings rest on substantial evidence.

The relevant portion of Claimant's testimony provides as follows:

[C:] [Claimant] testified that she put in for her retirement benefit after her accident.

A. I had to have income.

∗ ∗ ∗

9

Q. Have you applied for or received any type of welfare benefit or [Department of Public Welfare] DPW?

A. I'm getting my retirement. I had to do an early retirement because I have no income.

Q. From whom are you receiving your retirement?

A. From Social Security.

Q. What type of Social Security benefit are you receiving?

A. My retirement. I had to retire – take – what do you call it? I don't even know what it's called.

* * *

Q. Was the type of benefit that you applied for, what they call, old-age benefits?

A. Yes. I had to take an early retirement. I had no income. . . .

(R.R. at 114a, 194a-95a.) The Social Security Letter, in relevant part, provides:

Information About Current Social Security Benefits[:]
Beginning December 2018, the full monthly Social Security benefit before any deduction is [] $ 1095.10. . . . The regular monthly Social Security payment is [] 1095.00. (We must round down to the whole dollar.)

* * *

Type of Social Security Benefit Information[:]
*You are entitled to monthly disability benefits.*

(R.R. at 446a) (emphasis added). The evidence supports the WCJ's conclusion. First, we acknowledge, that Claimant's testimony indicates that she believed she was receiving a Social Security benefit and understood it to be her retirement benefits. However, Claimant's testimony as to what type of benefit she was receiving was vague

10

and demonstrates that she was unsure as to the type of benefit she was receiving. She testified that she was receiving retirement benefits, but also testified that she "[didn't] even know" what type of benefit she was receiving. (R.R. at 195a.) Despite her testimony, the Social Security Letter clearly indicates that Claimant is entitled to "*monthly disability benefits*." *Id.* The Letter does not refer to or mention old age or retirement benefits. Employer takes issue with the fact that the letter states only that Claimant is *entitled to* benefits and this does not indicate that she is actually receiving them. However, Claimant's testimony was unequivocal that she was receiving some type of benefit from Social Security. Claimant's firm testimony that she was receiving a Social Security benefit, coupled with the Social Security Letter stating she was entitled to disability benefits, clearly supports the conclusion that she was receiving Social Security disability benefits. Moreover,

> it is a fundamental principle of workers' compensation law that the WCJ is the final arbiter of witness credibility and evidentiary weight. *Hoang v. Workers' Compensation Appeal Board (Howmet Aluminum Casting, Inc.),* 51 A.3d 905, 909 n.7 (Pa. Cmwlth. 2012); *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.),* [] 637 A.2d 711, 714 (Pa. Cmwlth. 1994).[] The WCJ may accept or reject, in whole or in part, the testimony of any witness. *Id.* Moreover, the WCJ's fact-finding authority includes the authority to draw reasonable inferences from the evidence. *General Electric Company v. Workmen's Compensation Appeal Board (Valsamaki),* [] 593 A.2d 921, 924 (Pa. Cmwlth. 1991).

*Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Bonner)*, 85 A.3d 1109, 1115 (Pa. Cmwlth. 2014) (footnote omitted). Clearly, from the WCJ's finding, she placed more weight on the Social Security Letter than Claimant's testimony. As such, we conclude that the finding that Claimant was receiving Social Security disability benefits is supported by substantial evidence.

11

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Personal Health Care, Inc. and : \
UPMC Health Benefits, Inc. : \
DBA WorkPartners, : \
              Petitioners : \
               :   No. 1718 C.D. 2019 \
          v. : \
               : \
Workers' Compensation Appeal : \
Board (Cropper), : \
            Respondent :

## ***ORDER***

AND NOW, this 10th day of July, 2020, the November 13, 2019 Order of the Worker's Compensation Appeal Board is AFFIRMED.

 

_____ \
PATRICIA A. McCULLOUGH, Judge